459 So.2d 1138 (1984)
Gary Wayne SCHAFER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1148.
District Court of Appeal of Florida, Fifth District.
November 23, 1984.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Gary Wayne Schafer, defendant below, appeals contending his right to self-representation was violated.
The defendant first requested permission to represent himself at his arraignment. The defendant stated that he wanted to conduct his own defense due to what he perceived as the public defender's inattention to his case. The trial court denied defendant's motion, stating that it was not satisfied that there was a conflict that could not be reconciled.
At pretrial proceedings, defendant again announced his desire to represent himself. Defendant's request was made in conjunction with his general complaints about the delay in bringing his case to trial. Although the trial judge listened patiently to defendant's complaints, he made no response to defendant's request for self-representation.
After defendant's trial had begun and the state had examined its first witness, the public defender informed the court that defendant desired to conduct his own defense. The court responded that defendant would be allowed to address the court, but would not be allowed to address the jury, and that it was the public defender's responsibility to conduct the case.
A defendant has a constitutional right to proceed pro se when he voluntarily and intelligently elects to do so. Faretta v., *1139 California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, when an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must "knowingly and intelligently" forego those relinquished benefits. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). To insure that the decision is "knowingly and intelligently" made, the trial court must make an inquiry on the record to demonstrate that the defendant fully understands and appreciates the seriousness of the charges and is capable of representing himself. Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Watts v. State, 434 So.2d 23 (Fla. 3d DCA 1983); Mansfield v. State, 430 So.2d 586 (Fla. 4th DCA 1983); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981).
Here the defendant clearly asserted his demand to proceed to trial without counsel. It was incumbent upon the trial court to make adequate inquiry to determine whether the defendant was knowingly and intelligently waiving his constitutional right to appointed counsel. Since no inquiry was made and the defendant was forced to proceed to trial with counsel he deemed ineffective, we reverse and remand for a new trial.
REVERSED and REMANDED.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Before arraignment in this case the defendant in writing exercised his constitutional right to counsel and swore "... I... desire the assistance of counsel." Accordingly counsel was appointed. Becoming displeased with the quality of the service of the public defender's office the defendant later desired to represent himself. The trial judge in this case did listen long and patiently to the defendant's complaints but he did not discharge defendant's appointed counsel. The trial judge had an adequate opportunity and basis upon which to conclude that the defendant's personal problems about being represented by his appointed counsel did not amount to an intentional and intelligent waiver of the previously exercised right to counsel. From a defendant's appearance, attitude, speech and statements it does not take an experienced trial judge long to ascertain and appraise a defendant's age, education, experience and mental and emotional condition and the true basis of his complaints and to make a decision as to his capacity to act intelligently and as to whether he is acting knowledgeably and intentionally with respect to any particular matter including the discharge of his appointed counsel.
A defendant has a constitutional right to the assistance of counsel. If the trial judge discharges appointed counsel too readily he errs, see, e.g., Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981), and if he is too reluctant, he errs. The life of a trial judge is not an easy one.
Because the assistance of counsel is of such obvious benefit to one accused of crime, its denial is properly presumed to be harmful and prejudicial and, hence, reversible. But for this very reason, the assistance of unwanted counsel should not be presumed to be harmful or prejudicial and, accordingly, the harmless error statutes (§§ 59.041 and 924.33, Fla. Stat.) should be applied even when there is no factual question, as here, and there is a clear violation of the right to self-representation. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), does not hold that a defendant who has elected to exercise his right to have counsel may at will change his mind at any time nor does that decision prohibit the application of harmless error concepts and statutes. This case should be affirmed.