504 So.2d 504 (1987)
Clarence MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1329.
District Court of Appeal of Florida, Fourth District.
March 25, 1987.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Clarence Morgan, seeks reversal of two orders of revocation of probation and three subsequent concurrent sentences of thirty months in prison.
While on probation under two separate probation orders, Morgan was charged with violating his probation by failing to file monthly reports, failing to make monthly payments toward the cost of his supervision, and for changing his residence without his supervisor's permission. The trial judge found Morgan guilty of all three violations and revoked his probation. We have fully considered the record and find adequate support for the findings as to the monthly reports and change of residence and, thus, we approve that aspect of the judgment appealed from.
On April 30, 1986, a preliminary probation revocation hearing was held in both cases. At the preliminary hearing, the trial *505 court was informed that appellant was not represented by counsel and could not afford an attorney. Appellant indicated that he did not wish to be represented by a public defender. The trial court informed appellant that he could represent himself if he wished to do so. Appellant then indicated that he would represent himself.
The trial court then had appellant sign waiver of counsel forms for both cases. The trial court then advised appellant that he had the right to an attorney and also admonished appellant that people who represent themselves usually have a difficult time and that he would "have a fool for a client." A final probation revocation hearing was scheduled for May 15, 1986, and appellant was then given a copy of the charges against him.
On May 15, 1986, a final revocation of probation hearing was held on both charges. The trial court was informed by his judicial assistant that appellant was representing himself. However, the court's offer of assistance of counsel was not renewed prior to this stage of the proceeding.
Without belaboring the point, the record presented is woefully inadequate to meet the Faretta[1] requirements codified in our rule of criminal procedure. Florida Rule of Criminal Procedure 3.111(d), provides:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
See also Schafer v. State, 459 So.2d 1138 (Fla. 5th DCA 1984). Furthermore, rule 3.111(d)(5) also requires that, if a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed at each subsequent stage of the proceedings where defendant appears without counsel. These two violations of the mentioned rule of criminal procedure require reversal for a new violation hearing.
Finally, the parties agree that the sentence is erroneous because appellant was sentenced to thirty months in prison for the offense of resisting arrest without violence, a first degree misdemeanor punishable by a term of imprisonment not exceeding one year. § 755.082(4)(a), Fla. Stat.(1985). Thus, that aspect of the sentence is incorrect.
Accordingly, the cause is reversed and remanded for a new revocation hearing and appropriate sentencing.
STONE, J., and LEONARD RIVKIND, Associate Judge, concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).