# COOPER v STATE OF FLORIDA
## Case No. 89-0049 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County
December 13, 1990

### APPEARANCES OF COUNSEL

**Richard Jordanby,** Public Defender, and **Ellen Morris,** Assistant Public Defender, for appellant.

**David Bludworth,** State Attorney, and **Robert S. Jaegers,** Assistant State Attorney, for appellee.

Before CARLISLE, MOUNTS, SHOLTS, JJ.

PER CURIAM.

Appellant was charged with driving under the influence or unlawful blood alcohol in violation of § 316.193, Fla. Stat. (1987). He pled not guilty and a public defender was appointed. At his next court appearance the public defender explained that Cooper wanted to try the case himself and only have the public defender there as stand by counsel. The trial judge replied, "All right."

On the day of trial Cooper changed his mind. The public defender asked for a continuance to prepare for trial but the trial court felt that because Cooper's "change of heart" occurred without notice it was unreasonable. The public defender was instructed to act as standby counsel and the trial commenced as scheduled.

"Although a defendant need not himself have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'." *Faretta v California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Rule 3.111(d) Fla.R.Crim.P. codifies the requirements of *Faretta*.

Nothing in the record reflects that the trial court inquired into Cooper's comprehension or capacity to make the choice of waiver, or make him aware of the dangers and disadvantages of self-representation. We are required to question a defendant thoroughly and may not presume that a criminal defendant has waived the right to counsel.

When a defendant is not advised of the pitfalls of acting as his own lawyer, and the trial court makes no inquiry into a defendant's mental condition, his intelligence, or his ability to defend himself, error has occurred in finding that the defendant knowingly and intelligently waived his right to assistance of counsel. *Drago v State*, 415 So.2d 874, 877 (Fla. 2d DCA 1982). Moreover, when the defendant desired to have appointed counsel defend him, the trial court should have reappointed counsel even though it would have meant a continuance of the trial. *Id. See also Morgan v State*, 504 So.2d 504 (Fla. 4th DCA 1987).

Reversed and remanded.

CARLISLE, MOUNTS and SHOLTS, JJ., concur.