731 So.2d 778 (1999)
Detric McCARTHY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1603.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Detric McCarthy discharged his court appointed lawyer and represented himself in the proceedings below. A jury found him guilty of robbery with a firearm. He now contends that the trial court failed to follow the required procedures that apply when a defendant seeks to represent himself. We affirm.
Approximately two weeks before trial, on March 20, 1998, McCarthy requested that his court appointed attorney be discharged and that he be allowed to represent himself. The trial court questioned McCarthy about his age, education, work, competency, understanding of the charges and penalties, witnesses, previous self-representation, and the effectiveness of his court appointed attorney. The court advised McCarthy that self-representation was difficult and that the court would not give him any special treatment or assistance. The court found that the appointed attorney had been effective and determined that no successor counsel would be appointed if the attorney was discharged; however, the court suggested that the attorney should remain as standby counsel. The lawyer opposed this because McCarthy had been combative and did not trust him. McCarthy reiterated that he wished to represent himself and the court agreed to relieve the attorney of all duties in the case.
*779 Trial commenced on April 7, 1998. Between March 20 and April 7, there were no hearings held in the case. Before the beginning of voir dire, the court asked McCarthy if he wanted standby counsel, but McCarthy declined. After several prosecution witnesses testified, the court stated that it had called attorney Gabriel Grasso in anticipation of appointing him to be standby counsel. McCarthy stated that he did not want Grasso's assistance, but the court appointed him as standby counsel over McCarthy's objection. McCarthy was convicted of robbery with a firearm.
At the sentencing hearing, Grasso appeared and stated that he was McCarthy's standby counsel by court appointment. McCarthy then argued his own motion for new trial, which was denied. The court then asked McCarthy if he wished to consult with Grasso before proceeding. McCarthy said that he did not wish to consult Grasso and that he wanted to proceed. After the state's argument on sentencing, the court again asked McCarthy if he wished to consult his standby attorney, but he again responded that he did not. Called upon by the court, Grasso argued against habitualization, as did McCarthy. Prior to the pronouncement of sentence, McCarthy argued that he was not given a competency evaluation to determine whether he was competent to proceed to trial on his own. The court asked if there had been a motion for examination by experts to determine his mental status. McCarthy replied that he was once asked by the court if he was capable of representing himself and he had stated that he was capable. The court sentenced McCarthy to 80 months, which was within the sentencing guidelines, despite the state's request for an upward departure.
McCarthy first argues that the court's colloquy with him was insufficient to ensure that he made a knowing and intelligent waiver of counsel under the guidelines of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Potts v. State, 718 So.2d 757 (Fla.1998).
In Faretta, the Supreme Court stressed the requirement that a defendant seeking self-representation must do so "knowingly and intelligently" and "he should be made aware of the dangers and the disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." 422 U.S. at 835, 95 S.Ct. 2525. The Court remanded the case because the trial judge refused to allow Faretta to represent himself despite the fact that:
Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge warned Faretta that he thought it was a mistake not to accept the assistance of counsel.
Id.
In Potts, the Florida Supreme Court held that the defendant validly waived his right to counsel, but recognized that:
[a] defendant's demand for self-representation places the trial court in a quandary, for the court must balance seemingly conflicting fundamental rights-i.e., the court must weigh the right of self-representation against the rights to counsel and to a fair trial. Because the court's ruling turns primarily on an assessment of demeanor and credibility, its decision is entitled to great weight and will be affirmed on review if supported by competent substantial evidence in the record.
718 So.2d at 759. Potts reiterated the requirement that a decision of self-representation must be made "knowingly and intelligently, i.e., `with eyes open.'" Id. However, the court stated that in determining the validity of a waiver of counsel, an appellate court should not focus on the specific advice given by the trial court, "but rather on the defendant's general understanding *780 of his or her rights" because "there are no `magic words' under Faretta."[1]Id. at 760.
In affirming, Potts noted that the trial court discussed self-representation with Potts in detail and cautioned him numerous times against self-representation. See id. at 760. Similarly, in Hill v. State, 688 So.2d 901, 904 (Fla.1996), cert. denied, ___ U.S. ___, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997), the defendant's waiver of counsel was held valid because the trial judge made sure the defendant knew the nature and penalties of his charge and "[m]ore importantly, he made sure that Hill would not expect any special help simply because he was representing himself and that Hill knew he would be treated the same as an attorney."
In this case, the trial judge discussed self-representation at length with McCarthy. The judge questioned McCarthy about his age, education, work, competency, understanding of the charges and penalties, witnesses, previous self-representation, and the effectiveness of the original attorney. McCarthy acknowledged that he understood the nature of his charge and the maximum penalty. The court also advised McCarthy that self-representation was difficult and that he would not get any special treatment or assistance from the court. Despite McCarthy's contention that he was not alerted "in even the most general terms to the difficulties in navigating the legal system," competent, substantial evidence exists in the record demonstrating that McCarthy waived his right to counsel knowingly and intelligently, in compliance with Potts and Faretta. As Potts observed, the "right of self-representation is best safeguarded not by an arcane maze of magic words and reversible error traps, but by reason and common sense." See Potts, 718 So.2d at 760.
McCarthy next argues that the trial court erred by failing to renew the offer of counsel at the commencement of the trial. Florida Rule of Criminal Procedure 3.111(d)(5) provides:
If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
From the transcript of the March 20 hearing, it is apparent that the purpose of that hearing was to evaluate McCarthy's desire to represent himself at the trial that was to begin as early as March 30, the first day of a multi-week calendar. The trial court was not required to renew an offer of counsel before the voir dire on April 7, since that day did not commence a "subsequent stage of the proceedings" within the meaning of the Rule. The March 20 hearing is properly characterized as the commencement of the trial stage of the proceedings, since it addressed McCarthy's ability to competently handle the mechanics of the trial process on his own.
This case is similar to Lamb v. State, 535 So.2d 698 (Fla. 1st DCA 1988), where the subject of a pretrial hearing was the defendant's motion to have counsel withdrawn so that he could represent himself. The trial court in Lamb granted the defendant's Faretta motion. In the three weeks between the pretrial hearing and the trial, there were no intervening proceedings. The first district affirmed the judgment of conviction, despite the failure to renew the offer of assistance of counsel, stating:
The pretrial hearing on the waiver of counsel addressed Lamb's competence and ability to appear pro se at the trial stage, and the fact that the trial occurred three weeks later is immaterial. The rule does not place a time limitation *781 on an offer and waiver of counsel. Since there was no change in that critical stage, rule 3.111(d)(5) does not come into play and no error occurred.
Lamb, 535 So.2d at 699.
Here, the trial court appointed standby counsel Grasso who was available to the defendant for consultation for much of the trial and at the sentencing hearing. The court offered McCarthy the opportunity to consult with Grasso before the sentencing hearing began and again after the state had argued. Both Grasso and McCarthy argued against habitualization at the hearing. The defense prevailed on that issue, as McCarthy was sentenced to a guidelines sentence. Under these circumstances, there was no Rule 3.111(d)(5) violation. See Rogers v. Singletary, 698 So.2d 1178, 1180 n. 2 (Fla.1996).
Finally, no competency hearing was required in this case, because there were no reasonable grounds for the trial court to believe that McCarthy was incompetent. See Robertson v. State, 699 So.2d 1343 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1097, 140 L.Ed.2d 152 (1998); Finkelstein v. State, 574 So.2d 1164, 1169 (Fla. 4th DCA 1991).
DELL, SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Although there are no "magic words" when addressing Faretta concerns, Appendix B to the Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3), 719 So.2d 873, 876-80 (Fla.1998), provides guidance to assist trial judges when conducting a Faretta inquiry. The trial judge in the instant case included many of the suggested questions in determining McCarthy's request for self-representation.