764 So.2d 911 (2000)
Robert Lee WEAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-4610.
District Court of Appeal of Florida, First District.
August 16, 2000.
Nancy A. Daniels, Public Defender; Dana M. Drukker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Bart Schneider, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his conviction for robbery with a firearm, and his sentences to life in prison as a prison releasee reoffender and an habitual violent felony offender. We reverse the habitual violent felony offender sentence. In all other respects, we affirm.
Appellant first argues that his conviction must be set aside because he was permitted to represent himself. We disagree. The record reveals that the trial court exercised admirable composure in dealing with appellant. It reveals, further, that the trial court complied fully with the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). There is ample evidence in the record to support the trial court's decision to permit appellant to represent himself, *912 including the results of an evaluation performed by mental health professionals regarding appellant's competence to proceed. See Potts v. State, 718 So.2d 757, 759 (Fla. 1998) (the trial court's decision regarding self-representation "is entitled to great weight and will be affirmed on review if supported by competent substantial evidence"). It is apparent from the record that appellant knowingly and intelligently waived his right to counsel, and that he did not intend to rescind that waiver when he subsequently agreed to permit stand-by counsel to conduct portions of the trial.
Appellant next challenges his life sentence, as a prison releasee reoffender. He argues that the Prison Releasee Reoffender Punishment Act, codified as section 775.082(8), Florida Statutes (1997), is unconstitutional in a number of respects. At oral argument, however, counsel conceded that this argument is now foreclosed by the recent decision in State v. Cotton, 25 Fla. L. Weekly S463, ___ So.2d ___, 2000 WL 766521 (Fla. June 15, 2000). We agree.
Finally, we reverse appellant's habitual violent felony offender sentence based on Walls v. State, 765 So.2d 733 (Fla. 1st DCA 2000).
Appellant's conviction and sentence as a prison releasee reoffender are affirmed. The habitual violent felony offender sentence is reversed.
AFFIRMED IN PART, AND REVERSED IN PART.
KAHN and VAN NORTWICK, JJ., CONCUR.