WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his conviction for robbery with a firearm, and his sentences to life in prison as a prison releasee reoffender and a violent career criminal. We reverse the violent career criminal sentence. In all other respects, we affirm.
Appellant first argues that his conviction must be set aside because he was not present during jury selection and trial. We disagree. It is apparent from the record that the trial court fully explained appellant’s rights to him, but that appellant was adamant in his intent not to stay in the courtroom. It is also apparent that appellant’s decision was freely and intelligently made. Accordingly, we conclude that appellant waived his right to be present. See Francis v. State, 413 So.2d 1175 (Fla.1982) (a criminal defendant may waive the right to be present during critical stages of a non-capital trial provided that the waiver is voluntary and intelligent).
Appellant next argues that his sentences must be vacated, and the case remanded for resentencing, because he was permitted to represent himself at the sentencing hearing. Again, we disagree. It is apparent from the record that appellant was requesting to represent himself. See Jones v. State, 449 So.2d 253, 258 (Fla.1984) (“defendants who without good cause refuse appointed counsel but do not. pro vide their own counsel are presumed to be exercising their right to self-representation”). The records in this case and in Weaver v. State, 764 So.2d 911 (Fla. 1st DCA 2000), reveal that the trial court complied fully with the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See Stark v. Frayer, 67 So.2d 237 (Fla.1953) (an appellate court may take judicial notice of the record in a companion case pending before it). There is ample evidence in those records to support the trial court’s decision to permit appellant to represent himself at sentencing, including the results of an evaluation performed by mental health professionals regarding appellant’s competence to proceed. See Potts v. State, 718 So.2d 757, 759 (Fla.1998) (the trial court’s decision regarding self-representation “is entitled to great weight and will be affirmed on review if supported by competent substantial evidence”). It is apparent from the records that appellant knowingly and intelligently waived his right to counsel at sentencing.
Appellant next challenges his life sentence, as a prison releasee reoffender. He argues that the Prison Releasee Reoffen-der Punishment Act, codified as section 775.082(8), Florida Statutes (1997), is unconstitutional in a number of respects. At oral argument, however, counsel conceded that this argument is now foreclosed by the recent decision in State v. Cotton, 25 Fla. L. Weekly S463, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000). We agree.
Finally, we reverse appellant’s sentence as a violent career criminal based on Palmore v. State, 25 Fla. L. Weekly D1224, - So.2d -, 2000 WL 627666 (Fla. 1st DCA May 17, 2000).
Appellant’s conviction and sentence as a prison releasee reoffender are affirmed. The violent career criminal sentence is reversed.
AFFIRMED IN PART, AND REVERSED IN PART.
KAHN and VAN NORTWICK, JJ., CONCUR.