920 So.2d 1279 (2006)
Edward SEGAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-798.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Edward Segal, Fort Lauderdale, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
*1280 KLEIN, J.
Appellant raises several issues involving his violation of probation hearing in which he represented himself. We address the only one which has merit, the failure of the court to renew the offer of counsel under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), at the beginning of the VOP hearing.
Appellant, in May, 2002, pled guilty to several counts of possession of cannabis, paraphernalia, and prescription drugs. Adjudication was withheld, and he was sentenced to two years probation. About five months later a notice of violation of probation was filed, asserting sale of Oxycontin, possession of six other prescription drugs, and possession of a firearm by a convicted felon.
The problem with appellant's self-representation and Faretta arises out of the fact that there were two separate cases, the new charges and the VOP proceeding, which were moving forward during the same period. At a hearing on December 4, 2003, which was about appellant's motion to dismiss one count of the new charges, appellant, for the first time, asked the court to be permitted to represent himself. At this point the court conducted the only full Faretta inquiry, which made appellant aware of the possible consequences of self-representation, including the sentences which could be imposed if he were convicted on the new charges. Following the Faretta inquiry, the trial court permitted appellant to represent himself and appointed standby counsel.
The VOP hearing was conducted on January 26 and 27, 2004. The jury trial on the new charges had not yet taken place. Appellant represented himself at his VOP hearing, with standby counsel present, and the court found that appellant had violated his probation and convicted him on five counts of possession of drugs or paraphernalia. Appellant asserts that, because the court allowed him to represent himself in the VOP proceedings without a Faretta inquiry, we must reverse these convictions.
Although a full Faretta inquiry need not be conducted at every stage of criminal proceedings, once counsel has been waived under Faretta, the offer of assistance of counsel must be renewed by the court at each subsequent stage of the proceedings. Fla. R.Crim. P. 3.111(d)(5); Traylor v. State, 596 So.2d 957, 968 (Fla. 1992) ("Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented."). Needless to say, a VOP hearing is a crucial stage requiring the renewal of the offer of assistance of counsel. Morgan v. State, 504 So.2d 504 (Fla. 4th DCA 1987).
The state argues that the full Faretta inquiry conducted in the case involving the new charges was applicable to both proceedings. If the offer of counsel had been renewed at the beginning of the VOP hearing, we might well agree with the state's position. The state's response to that deficiency is that, near the end of the VOP hearing, appellant complained about a witness not being available, and the court responded:
THE COURT: All right. Well, that's one of the things we talked about regarding that Faretta inquiry.
MR. SEGAL: I know.
THE COURT: And, you know, we talked about that before. If you want to re-think your position regarding the Faretta, you know, you can do that at any time, as I explained that to you.
MR. SEGAL: Thank you, sir.

*1281 THE COURT: All right. Mr. Segal, are you ready to proceed now?
MR. SEGAL: Yes, I am.
The transcript of the two day VOP hearing is 200 pages, and the above colloquy occurred at page 172, when the hearing was almost over.
The failure of the court to renew the offer of counsel at the beginning of the VOP is not something we can ignore. Morgan v. State, 504 So.2d 504 (Fla. 4th DCA 1987) (failure of court to renew offer of assistance of counsel prior to start of VOP proceeding required reversal). In addition, appellant was never informed, in the VOP case, of the possible penalties, if he were found to have violated his probation. A full Faretta inquiry was done only once, and addressed only the new charges. Although the lack of the penalty explanation, standing alone, is not necessarily fatal, Potts v. State, 698 So.2d 315 (Fla. 4th DCA 1997), approved, 718 So.2d 757 (Fla. 1998), the penalty aspect has been emphasized in many cases discussing the adequacy of a Faretta inquiry.[1]
We might well have affirmed these convictions if there had either been a full Faretta inquiry specifically warning appellant of the dangers of self-representation, including the penalties in his VOP case, or if there had been a renewal of the offer of representation of counsel at the beginning of the VOP hearing. We cannot, however, gloss over both of these deficiencies.
Reversed.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Crystal v. State, 616 So.2d 150 (Fla. 1st DCA 1993); Vera v. State, 689 So.2d 389 (Fla. 2d DCA 1997); Taylor v. State, 605 So.2d 958 (Fla. 2d DCA 1992); Smith v. State, 549 So.2d 1147 (Fla. 3d DCA 1989); Haslom v. State, 643 So.2d 59 (Fla. 4th DCA 1994); Baggett v. State, 687 So.2d 934 (Fla. 4th DCA 1997); Hardy v. State, 655 So.2d 1245 (Fla. 5th DCA 1995).