936 So.2d 663 (2006)
Ronald C. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-956.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
Rehearing Denied September 12, 2006.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
*664 Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Williams appeals his conviction and habitual offender sentence for burglary of a dwelling and petit theft. We affirm the conviction, but reverse the sentence.
Williams, shortly before trial, discharged his court-appointed counsel and elected to represent himself. The trial court conducted a hearing, pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and accepted Williams' waiver of counsel as knowing and voluntary. The discharged attorney was assigned to sit in as stand-by counsel to aid in procedural matters.
The sentencing was held approximately five weeks after trial. Stand-by counsel was present at sentencing, but did not participate in any meaningful way. The trial court began the hearing by acknowledging that Williams continued to represent himself, but made no further inquiry or comment as to his proceeding pro se. We note that, following sentencing, Williams asked whether an attorney would be able to represent him in his appeal and expressed gratitude when told yes. The trial court also advised him that he would be entitled to an attorney and an evidentiary hearing if the state pursued a restitution claim.
Failing to advise Williams at sentencing of his continued right to counsel is an abuse of discretion. Florida Rule of Criminal Procedure 3.111(d)(5) specifies: "If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel."
Sentencing is considered a critical stage at which a defendant is entitled to counsel. Wilson v. State, 764 So.2d 813, 816 (Fla. 4th DCA 2000). "Even if a defendant does not request appointment of counsel [at sentencing], this omission is not considered a knowing waiver of the right to counsel." Kepner v. State, 911 So.2d 1256, 1258 (Fla. 4th DCA 2005) (reversing for re-sentencing because the trial court failed to renew an offer of counsel prior to sentencing) (citing Hardy v. State, 655 So.2d 1245, 1248 (Fla. 5th DCA 1995)).
When Williams initially waived his right to counsel, the trial court's inquiries were specifically addressed to his self-representation at trial. "Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented." Segal v. State, 920 So.2d 1279, 1280 (Fla. 4th DCA 2006)(quoting Traylor v. State, 596 So.2d 957, 968 (Fla. 1992)).
We have considered Rogers v. Singletary, 698 So.2d 1178 (Fla.1996), but deem it inapposite. Rogers was an ineffective assistance of appellate counsel claim, not a direct appeal of a trial court's failure to renew an offer of assistance. Furthermore, in that case, there was an inquiry, but it was deemed deficient.
We recognize that in McCarthy v. State, 731 So.2d 778 (Fla. 4th DCA 1999), we affirmed, despite the trial court's failure to re-advise or inquire at sentencing. However, it does not appear that advice at sentencing was an issue in that appeal. We also note that, in that case, the stand-by attorney participated at sentencing and argued against McCarthy's habitualization. Id. at 781.
*665 Therefore, the sentence is reversed and we remand for re-sentencing.
POLEN and FARMER, JJ., concur.