EVANDER, J.
After a jury trial in which he represented himself, Branson was convicted of possession of cocaine, possession of drug paraphernalia, and attachment of an unassigned tag to a motor vehicle. He was sentenced to four years imprisonment on the cocaine charge and to time served on the misdemeanor offenses.
On appeal, Branson contends that the trial court erred by accepting his waiver of the right to appointed counsel in the absence of any warning that if convicted at trial and sentenced to prison, he might be subject to indefinite civil commitment under the Jimmy Ryce Act[1] upon completion of his prison sentence. We affirm.
Branson was convicted of a sexual battery in 1977. As a result, he faces the possibility of civil commitment under the Jimmy Ryce Act upon completion of his sentence, even though his current charges did not involve a sexual offense. Ward v. State, 986 So.2d 479 (Fla.2008), as revised on denial of rehearing, 986 So.2d 479 (Fla.2008). While Faretta[2], requires a trial court to make a defendant aware of the dangers and disadvantages of self-representation, it does not require that a defendant be apprised of each and every potential collateral consequence of an adverse judgment. Potts v. State, 698 So.2d 315 (Fla. 4th DCA 1997), approved, 718 So.2d 757 (Fla.1998).
We agree with the State that the other issues raised by Branson were not preserved for appeal.
AFFIRMED.
MONACO and COHEN, JJ., concur.

. §§ 394.910-.932, Fla. Stat.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).