IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAONTAE TERRELL SCOTT,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2717

Opinion filed August 14, 2017.

An appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael L. Schaub, Assistant Attorney
General, Tallahassee, for Appellee.

WETHERELL, J.

     Appellant, the defendant below, represented himself in two criminal cases

that were tried on the same day in separate bench trials.  On appeal, he contends

that the trial court erred by failing to renew the offer of counsel before the start of the second trial. We disagree and affirm for the reasons that follow.[1]

Appellant was charged with multiple criminal offenses arising out of separate incidents involving his sister ("the 2014 case") and his girlfriend ("the 2015 case"). The cases were not consolidated, but they were considered together at a final pretrial hearing held on April 1, 2016. At that hearing, the cases were set for bench trials[2] the following week, and the trial court also considered Appellant's motion to discharge his court-appointed attorney and represent himself at the trials. After conducting a full Faretta[3] inquiry during which the court advised Appellant of the consequences of self-representation and the charges and potential sentences he was facing in both cases, the court authorized Appellant to represent himself. The court also appointed Appellant's prior attorney as standby counsel.

The cases proceeded to trial the following week, on April 7, 2016. The trial court called the 2014 case first and conducted another full Faretta inquiry, but the court only discussed the charges and potential sentences that Appellant was facing in the 2014 case and did not mention the 2015 case. Appellant confirmed that he wanted to continue to represent himself with standby counsel, and the court permitted him to do so. After closing arguments in the 2014 case, the court took

---

[1]  We affirm the other issues raised by Appellant without discussion.
[2]  Appellant waived his right to jury trials.
[3]  Faretta v. California, 422 U.S. 806 (1975).

that case under advisement and immediately called the 2015 case. The court did not conduct another <u>Faretta</u> inquiry or renew the offer of counsel prior to starting the trial in the 2015 case, and Appellant represented himself at the trial with standby counsel.

Appellant was found guilty as charged in both cases, and he was sentenced to a lengthy prison term. This appeal followed.

The Florida Supreme Court held in <u>Traylor v. State</u> that the trial court is required to renew the offer of court-appointed counsel to an unrepresented defendant at the commencement of each "crucial stage of the proceeding." 596 So. 2d 957, 968 (Fla. 1992). Specifically, the defendant "must be informed of the right to counsel and the consequences of waiver." <u>Id.</u>; <u>see also</u> Fla. R. Crim. P. 3.111(d)(5) ("If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.").

The trial is a crucial stage of the proceeding at which the offer of counsel must be renewed. <u>See</u> <u>Lamb v. State</u>, 535 So. 2d 698, 699 (Fla. 1st DCA 1988). However, that does not necessarily mean that the offer of counsel must be renewed on the first day of trial. <u>See</u> <u>Wilson v. State</u>, 76 So. 3d 1085, 1088 (Fla. 2d DCA 2011) ("The beginning of the 'trial' in the context of rule 3.111(d)(5) may not be the actual start of the trial, but the start of the trial stage."). Renewal of the offer of

3

counsel at a pretrial hearing is sufficient so long as the offer was made for the trial stage and there is no intervening crucial stage between the renewal of the offer of counsel and the actual start of the trial. See Knight v. State, 770 So. 2d 663, 669-70 (Fla. 2000) (citing Lamb); McCarthy v. State, 731 So. 2d 778, 780 (Fla. 4th DCA 1999); Lamb, 535 So. 2d at 669; cf. Brown v. State, 113 So. 3d 134, 142 (Fla. 1st DCA 2013) (where trial court renewed offer of counsel prior to the start of jury selection, court was not required to renew offer at the start of each day of the multi-day trial); Harris v. State, 687 So. 2d 29 (Fla. 5th DCA 1997) (trial court was not required to renew offer of counsel at start of retrial that occurred shortly after mistrial in original trial).

Here, Appellant's waiver of counsel at the April 1 pretrial hearing was clearly for the trial stage in both cases, and the start of the trial in the 2015 case less than a week later was not a subsequent crucial stage of the proceeding for which the offer of counsel had to be renewed. Likewise, the fact that the trial in the 2014 case occurred between the pretrial hearing and the trial in the 2015 case is immaterial because the Faretta inquiry held at the pretrial hearing addressed both cases, and there were no subsequent crucial-stage proceedings in the 2015 case between the pretrial hearing and the start of trial in that case. Accordingly, we agree with the State that the trial court did not err when it failed to renew the offer

4

of counsel at the start of the trial in the 2015 case.[4]

Additionally, although not necessarily dispositive based on <u>Howard v. State</u>, 147 So. 3d 1040 (Fla. 1st DCA 2014), it is still significant that Appellant had standby counsel with him at the trials in both cases because as the Florida Supreme Court stated in <u>Knight</u>, "[s]tandby counsel is a constant reminder to a self-representing defendant of his right to court-appointed counsel at any stage of the proceeding." 770 So. 2d at 670; <u>see also</u> <u>Brown</u>, 113 So. 3d at 142; <u>Bloodsaw v. State</u>, 949 So. 2d 1119, 1122 (Fla. 3d DCA 2007); <u>McCarthy</u>, 731 So. 2d at 781; <u>Mincey v. State</u>, 684 So. 2d 236, 238 (Fla. 1st DCA 1996); <u>Harrell v. State</u>, 486 So. 2d 7 (Fla. 3d DCA 1986). Accordingly, under the circumstances of this case, even if the trial court erred by failing to renew the offer of counsel before starting the trial in the 2015 case (despite having done so earlier in the day prior to the start of the trial in the 2014 case), Appellant cannot show prejudice due to the presence of standby counsel in both cases.

Finally, this case is distinguishable from <u>Segal v. State</u>, 920 So. 2d 1279 (Fla. 4th DCA 2006), which also involved <u>Faretta</u> and two separate, but related cases. The Fourth District held in that case that it was error for the trial court not to renew the offer of counsel prior to the start of the hearing in the defendant's

---

[4]  That said, there certainly would have been no harm in the court renewing the offer of counsel as a precautionary measure before starting the trial in the 2015 case, as it did before starting the trial in the 2014 case.

violation of probation (VOP) case despite the fact that the court conducted a Faretta inquiry in the criminal case that gave rise to the VOP case. Id. at 1280. Most pertinent here is that although the court rejected the State's argument that the Faretta inquiry in the related criminal case was sufficient, the court also stated that "[w]e might well have affirmed those convictions if there had either been a full Faretta inquiry specifically warning appellant of the dangers of self-representation, including the penalties in his VOP case. . . ." Id. at 1281. That is precisely what occurred in this case; the trial court conducted a full Faretta inquiry at the April 1 pretrial hearing at which Appellant was advised of the charges and sentences he was facing in both cases.

Accordingly, for the reasons stated above, we affirm Appellant's judgments and sentences.

AFFIRMED.

RAY and MAKAR, JJ., CONCUR.