[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11209
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-01432-GKS-EJK

TERENCE M. MCCLAIN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Terence McClain, through counsel, appeals the district court's denial of his 28 U.S.C. § 2254 petition, in which he argued his Sixth Amendment right to counsel was violated when he was not given a second hearing, pursuant to *Faretta v. California*, 422 U.S. 806 (1975), right before proceeding to trial. The district court found that part of this argument was unexhausted in state court, and as to the part that was exhausted, the Florida Fifth District Court of Appeal (DCA) did not unreasonably apply U.S. Supreme Court precedent when it denied McClain's claim. We granted a certificate of appealability (COA) on two questions: (1) did McClain procedurally default his claim that he was entitled to a second, trial-phase *Faretta* hearing; and (2) if not, were his Sixth Amendment rights violated by the state court's failure to hold a second *Faretta* hearing. After review, we affirm the district court.

## I.  BACKGROUND

A jury found McClain guilty after an initial trial, where he appears to have been represented by counsel. After an appeal, the DCA found the trial court had given faulty jury instructions and remanded for a new trial. Prior to the new trial, the public defender representing McClain filed a motion to withdraw as counsel, which was granted. At a *Faretta* hearing one month prior to the start of the second trial, McClain asked the court to allow him to represent himself. Following a two-day inquiry, the court granted McClain's request and appointed standby counsel.

2

The trial court did not hold a new *Faretta* hearing right before trial. McClain then represented himself at trial, often using the standby counsel provided by the court. However, during a break after the State's first witness, the court very strongly suggested McClain use a lawyer and not try to represent himself. The reason for the court's suggestion was because McClain was having trouble understanding he should send his own subpoenas to make sure the witnesses who he wanted to question would actually appear at trial, instead of relying on the State to subpoena all of the witnesses on his witness list. The court wanted him to know that unexpected things always come up at trial, and a lawyer is better equipped to handle them. McClain stated he understood and then continued to represent himself.

At this trial, McClain's theory of defense was third-party liability, which was a change from his first trial, where his theory was self-defense. During the trial, the State had to serve "material witness arrest warrants" on two reluctant witnesses, one of whom turned out to be the only witness who testified that McClain was the shooter. Additionally, McClain's case involved DNA connecting him to the gun used in the incident, including expert testimony on the subject. The jury subsequently found McClain guilty of attempted first-degree murder, attempted voluntary manslaughter, and aggravated assault.

3

During McClain's direct appeal to the DCA, the Seventh Judicial Circuit Public Defender's Office (PDO) filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The brief raised one potential issue: "[w]hether the trial court committed reversible error by failing to renew the offer of assistance of counsel at the start of trial and later at the sentencing hearing." The PDO argued the trial court's failure to conduct a *Faretta* hearing at a critical stage of the criminal proceedings is reversible error under the Florida Rules of Criminal Procedure and asked the DCA to decide whether the trial court erred by not re-offering counsel at the time of trial, which was one month after the initial waiver. The PDO cited *Faretta* three times in the brief as follows:

> A trial court's failure to conduct a *Faretta* hearing at a critical stage of the criminal proceedings constitutes per se reversible error. *See Tennis v. State*, 997 So. 2d 375, 379 (Fla. 2008); *Wilson v. State*, 947 So. 2d 1225, 1226-27 (Fla. 1st DCA 2007). While a full inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975) need not be conducted at every stage of criminal proceedings, once counsel has been waived under *Faretta*, the offer of assistance of counsel must be renewed by the court at each critical stage of the proceedings. *See Segal v. State*, 920 So. 2d 1279 (Fla. 4th DCA 2006); *Hardy v. State*, 655 So. 2d 1245 (Fla. 5th DCA 1995).

The PDO noted, however, that Florida precedent held a four-month gap between the waiver and trial did not trigger the need for a new waiver. Additionally, Florida precedent held the trial court did not need to renew the offer for counsel when there was standby counsel available, as there was in McClain's case. The PDO also noted McClain used his standby counsel, and the trial court

4

gave an informal suggestion that he not represent himself. In a *per curiam* decision, the DCA affirmed McClain's convictions, finding no reversible error after examining the record.

McClain then filed a motion for post-conviction relief in Florida state court, in which he claimed actual innocence and requested DNA testing. The motion was denied. McClain appealed to the DCA, which affirmed.

After reviewing the state court record, the federal district court issued an order denying McClain's § 2254 petition. The court found McClain had not argued on direct appeal to the DCA that there had been a drastic change of circumstances requiring a new waiver of counsel, and therefore, that particular argument was unexhausted. The district court further found that McClain had shown neither cause and prejudice, nor actual innocence, so this argument was procedurally barred.

The district court then ruled on McClain's argument the trial court had violated his right to counsel by failing to offer him counsel right before the start of trial, or before sentencing, because these were new stages of his proceedings. It found the DCA's denial of that claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent because there was no Supreme Court precedent requiring a new *Faretta* hearing in similar situations. The district court denied a COA.

5

McClain then filed a notice of appeal.  This Court granted a COA on two questions:  (1) did McClain procedurally default his claim that he was entitled to a second, trial-phase *Faretta* hearing, (2) if not, were his Sixth Amendment rights violated by the state court's failure to hold a second *Faretta* hearing.

## II.  DISCUSSION

*A.  Procedural Default*

Whether a petitioner has procedurally defaulted a claim is a mixed question of law and fact that we review *de novo*.  *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  Before bringing a § 2254 action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction.  28 U.S.C. § 2254(b), (c).  To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  The state petition must make the state court aware the claims asserted do, in fact, raise federal constitutional issues.  *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

McClain presents two distinct arguments as to why his Sixth Amendment right to counsel was violated:  (1) because there was a drastic change in circumstances at trial, such that the waiver a month earlier was ineffectual; and

6

(2) because the trial was a new stage in the proceedings, such that the waiver a month earlier was no longer valid.

### 1. Change in Circumstances

The district court did not err in concluding that McClain did not exhaust his argument about a change in circumstances. In his appeal, McClain contends the fact his *Anders* brief mentioned, in its fact section, the complex evidence presented at trial, combined with a request the DCA look at the record when determining if he should have been offered new counsel at trial, was enough to give the DCA notice of his changed circumstances argument. However, a review of the *Anders* brief shows that, while it laid out all of the evidence against him, it did not mention that this evidence was any more or less complex than it was when McClain gave his initial waiver of counsel.

More importantly, the brief never made the link between the increased complexity at trial and a Sixth Amendment right to a second *Faretta* hearing. Whether the Sixth Amendment requires another *Faretta* hearing because of a month-long delay, which was his argument to the DCA, is a different question than if increased complexity at trial negated a previously valid waiver of counsel, such that the waiver must be renewed. As such, McClain's complexity argument has never been before the state court and, therefore is unexhausted. Thus, McClain is procedurally barred from pursuing the complexity argument as he has not

7

demonstrated an exception to excuse this default. *See Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353 (11th Cir. 2012) (explaining a petitioner who fails to exhaust his claim in state court is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for, and actual prejudice from the default, or a fundamental miscarriage of justice from applying the default).

## 2. New Stage of Proceedings

McClain's *Anders* brief presented the argument that his right to have another opportunity to waive counsel was violated, and he cited *Faretta* for this argument. While we agree that McClain's arguments to the DCA were mainly based on Florida law as he primarily cited to Florida cases in his *Anders* brief, McClain's brief did cite *Faretta* in arguing that the trial court should have held an additional hearing before trial. We think that mentioning *Faretta* in this context was enough to give notice to the DCA that McClain was raising a federal constitutional claim. Thus, we conclude McClain exhausted his argument that his Sixth Amendment rights were violated because a new stage in the proceedings required a new waiver.

## B. Sixth Amendment Rights

Under § 2254(d), federal courts are precluded from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). A state court's summary and unexplained rejection of a constitutional issue qualifies as an adjudication on the merits that is entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

The right to self-representation is a constitutional right that is closely tied to the right to representation by counsel. *See United States v. Garey*, 540 F.3d 1253, 1262-63 (11th Cir. 2008) (*en banc*). In *Faretta*, the Supreme Court concluded that "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." 422 U.S. at 819. The Court further stated, however, that, because a defendant loses many of the benefits associated with the right to counsel when he represents himself, he "must knowingly and intelligently forgo those relinquished benefits." *Id.* at 835 (quotation marks omitted). Specifically, a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* (quotation marks omitted).

The Supreme Court has held the formal procedures required to waive counsel depend on the stage of the trial. *Patterson v. Illinois*, 487 U.S. 285, 298-99 (1988). The Court "defined the scope of the right to counsel by a pragmatic

9

assessment of the usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." *Id.* at 298. The Court held the procedures range from none, for a post-indictment photographic display identification, to a full *Faretta* hearing, for a defendant to waive counsel for a criminal trial. *Id.*

The district court did not err in concluding the DCA's decision on this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. There is no clearly established Supreme Court law on when the Sixth Amendment requires an additional waiver of counsel, just that there are times when it may be necessary. *Patterson* only speaks to the type of waiver necessary depending on the stage, but it does not clearly hold there needs to be a new waiver at each stage. *See id.* Even if there were such a rule, however, it was not unreasonable for the DCA to decide that a waiver of counsel one month before trial, at a full *Faretta* hearing, which is the procedure required by *Patterson* for a waiver of counsel at trial, was sufficient for the trial stage of the proceedings.

## III. CONCLUSION

McClain procedurally defaulted any claim that his Sixth Amendment right to counsel was violated because there was a drastic change in circumstances at trial, such that the waiver a month earlier was ineffectual. Additionally, as to McClain's claim that a second *Faretta* hearing was required because the trial was a new stage

10

in the proceedings, the district court did not err in concluding the DCA's decision was not contrary to or an unreasonable application of Supreme Court precedent.

**AFFIRMED.**