687 So.2d 934 (1997)
Robert BAGGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1373.
District Court of Appeal of Florida, Fourth District.
February 12, 1997.
*935 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Robert Baggett appeals on grounds that after he expressed his intent to represent himself during his hearing for violation of probation and sentencing, the trial court failed to conduct an adequate hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Florida Rule of Criminal Procedure 3.111(d). Baggett contends that the trial court's failure to warn him specifically of the potential dangers and detriments of self-representation was fatal and constitutes reversible error. We disagree.
"Faretta requires that a defendant `be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and that his choice is made with eyes open.'" Morris v. State, 667 So.2d 982, 986 (Fla. 4th DCA), rev. dismissed, 673 So.2d 29 (Fla.1996) (quoting Faretta, 422 U.S. at 835, 95 S.Ct. at 2541). Our supreme court recently stated that it is not necessary for a trial court to address specifically the disadvantages of self-representation to satisfy Faretta. "`[W]hile a waiver hearing expressly addressing the disadvantages of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice, but rather the defendant's understanding.'" Rogers v. Singletary, No. 86,768, 1996 WL 681386, at *3, ___ So.2d ___, ___ (Fla.1996) (quoting Fitzpatrick v. Wainwright, 800 F.2d 1057, 1065 (11th Cir.1986)).
The trial court did not specifically advise Baggett of the potential dangers and detriments of self-representation. However, the record shows that the trial court did question Baggett about his age and educational background, his mental health history and his previous experiences with selfrepresentation. The trial judge also examined his understanding of the nature of the charges against him and the permissible minimum and maximum sentences.
Furthermore, Baggett demonstrated both an awareness and understanding of the risks of self-representation. Prior to his theft convictions in the underlying cases for which he received probation, Baggett filed numerous pro se motions and waivers of representation by counsel. Three of the waivers contain admissions that the trial court had advised him of the dangers and disadvantages of selfrepresentation such as this one:
"The Court did question me as to whether I knew what I was doing by waiving my right to be represented by an attorney, and the Court also advised me of the dangers and disadvantages of self-representation. EVEN AFTER THE COURT'S QUESTIONING AND ADVICE, I STILL DESIRE TO WAIVE REPRESENTATION BY COUNSEL AND WANT TO REPRESENT MYSELF."
In one waiver, Baggett cited case law supporting his right of self-representation, including a reference to Faretta. In addition, Baggett had previously represented himself in other proceedings, including one before this trial judge.
Although it would have been preferable for the trial court to have expressly addressed *936 the disadvantages of a pro se defense during the violation of probation hearing, it was not necessary due to Baggett's demonstrated understanding of the court system. Accordingly, we hold that the Faretta standards were met here because the record establishes that Baggett knew what he was doing and chose to represent himself with his eyes open.
AFFIRMED.
DELL, FARMER and KLEIN, JJ., concur.