724 So.2d 144 (1998)
Harry WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3924.
District Court of Appeal of Florida, First District.
December 4, 1998.
*145 Teresa J. Sopp, Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, J.
Harry Wilson appeals his convictions for dealing in stolen property, burglary of a structure, and petit theft. Wilson asserts that the trial court erred in failing to conduct an adequate inquiry into his capacity to make the decision to represent himself.[1] We find that the trial court abused its discretion by permitting Wilson to represent himself without first making the inquiry required under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d)(3).[2] Accordingly, we reverse and remand for a new trial.
Once a defendant makes an unequivocal demand for self-representation, the obligation to conduct a Faretta inquiry is triggered. Cf. Smith v. State, 641 So.2d 1319, 1321 (Fla.1994), cert. denied mem., 513 U.S. 1163, 115 S.Ct. 1129, 130 L.Ed.2d 1091 (1995)(no Faretta inquiry required in the absence of an explicit assertion of the right to self-representation). The test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself. See State v. Bowen, 698 So.2d 248, 250 (Fla. 1997), cert. denied mem., ___ U.S. ___, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998). We recognize *146 that the trial "court's ruling turns primarily on an assessment of demeanor and credibility," and thus, "its decision is entitled to great weight and will be affirmed on review if supported by competent substantial evidence in the record." Potts v. State, 718 So.2d 757, 23 Fla. L. Weekly S450 (Fla.1998). Further, the "reviewing court should focus not on the specific advice rendered by the trial courtfor there are no `magic words' under Farettabut rather on the defendant's general understanding of his or her rights." Id. at S450-S451, 718 So.2d at 760.
The inquiry in the present case was deficient. "[T]he trial judge must make a determination that the defendant is literate, competent and understanding, and that he is voluntarily exercising his informed free will." Smith v. State, 546 So.2d 61, 63 (Fla. 1st DCA), review denied mem., 554 So.2d 1168 (Fla.1989). In the present case, the trial court advised Wilson against proceeding on his own, and told him that he would have to follow the rules of evidence and procedure, but failed to make any inquiry into the factors which have come to be recognized as relevant to the determination "that the defendant is literate, competent and understanding, and that he is voluntarily exercising his informed free will." Id. The record discloses no inquiry into Wilson's age, ability to read, ability to write, education, whether he was currently under the influence of drugs or alcohol, or had ever been diagnosed or treated for any mental illness, whether he had any physical problems which would hinder self-representation, or whether he had ever represented himself in a trial before.
The harmless error rule does not apply to this issue. See State v. Young, 626 So.2d 655, 657 (Fla.1993). Reversal is required because the trial court failed to conduct a proper Faretta inquiry. Accordingly, we REVERSE and REMAND for a new trial.
JOANOS and KAHN, JJ., concur.
NOTES
[1] Wilson also argues that there was insufficient evidence to support a conviction for burglary. Because we reverse and remand for a new trial on the first ground, we need not address this argument.
[2] We note that the trial court did not have the benefit of the newly adopted model Faretta inquiry approved by the Florida Supreme Court. See Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3), 719 So.2d 873, 23 Fla. L. Weekly S391 (Fla.1998).