767 So.2d 534 (2000)
Philip BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-1819.
District Court of Appeal of Florida, Fourth District.
August 16, 2000.
Rehearing Denied October 3, 2000.
*535 LueAnne Goodine Butler, Greeneville, Tennessee, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
SCOLA, ROBERT N., Jr., Associate Judge.
In this appeal from his convictions for bribery, conspiracy to commit bribery, and accepting illegal campaign contributions, appellant has raised one ground that merits discussion: whether the trial court erred by failing to conduct a Faretta[1] inquiry before allowing appellant, an experienced criminal defense attorney, to represent himself in the proceedings below. We find under the facts of this case that there was no error and, therefore, affirm.

I.
In 1996, appellant, Philip Butler, a criminal defense attorney with twenty-five years experience, ran unsuccessfully for the position of State Attorney for the Fifteenth Judicial Circuit in and for Palm Beach County. During the campaign, Butler approached a wealthy former client who was charged with DUI Manslaughter and assured him that if he assisted Butler in winning the election, Butler would make sure the client would never spend a day in *536 jail. The client and his family then paid over $500,000 in cash and checks to Butler and his accomplice to be used for the campaign.
Butler was later arrested and charged with bribery, conspiracy to commit bribery, and several counts of accepting illegal campaign contributions. He filed a formal, written notice of appearance on behalf of himself which included a written plea of not guilty, waiver of arraignment, and demand for jury trial. He later filed and litigated numerous motions with attached legal memoranda raising various discovery, evidentiary, procedural, and constitutional issues.[2]
There were several court appearances prior to trial during which Butler appeared on his own behalf. Neither the trial court nor Butler raised the issue of his self-representation before the trial. The case ultimately proceeded to a jury trial during which Butler continued to represent himself. At the conclusion of the trial, Butler was convicted of bribery, conspiracy to commit bribery, and several counts of receiving illegal campaign contributions.
Five days after the verdict, while representing himself, Butler filed a motion for a new trial alleging, inter alia, that the court erred by failing to conduct a Faretta inquiry to determine if he had knowingly waived his right to counsel. The trial court entered a written order denying the motion and found that Butler was a highly-skilled and experienced criminal defense attorney who was well aware of the dangers of self-representation. Butler had given a statement to investigators in which he stated that he had appeared fifteen to twenty times before the Florida Supreme Court, more than one hundred times before district courts of appeal, and that he had twenty-five years of experience as a criminal trial attorney. The trial court found further that Butler was the attorney of record in Kleinfeld v. State, 568 So.2d 937 (Fla. 4th DCA 1990), in which he successfully raised a Faretta claim before the Fourth District Court of Appeal. The court also noted that Butler was seeking the position as the head of criminal prosecutions for the entire Fifteenth Judicial Circuit.

II.
The first issue we must decide is whether Faretta and its progeny are even implicated in a case where the defendant is an attorneyparticularly an experienced criminal defense attorney. As discussed in Judge Klein's specially concurring opinion, a compelling argument can be made that Faretta does not apply because the defendant was represented by competent counsel of his choicehimself. Thus, no waiver of counsel would have been necessary, since the defendant did have counsel. Indeed, the landmark case of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was not about the right of a defendant in a criminal case to be represented by counsel; it was about a defendant's right not to be represented by counsel and to be allowed the right of self-representation. In Faretta, the defendant had been denied the right to represent himself under state law and was compelled to accept the services of an attorney. In establishing the right of an accused to represent himself, the United States Supreme Court stated:
[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be "informed of the nature and cause of the accusation," who must be "confronted with the witnesses against him," and who must be accorded "compulsory process *537 for obtaining witnesses in his favor." Although not stated in the Amendment in so many words, the right to self-representationto make one's own defense personallyis thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.
... The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendantnot an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master, and the right to make a defense is stripped of the personal character upon which the Amendment insists.
Faretta, 422 U.S. at 819-20, 95 S.Ct. 2525 (footnotes omitted).
While establishing that a defendant in a criminal case has a constitutional right to self-representation, Faretta also recognized that such a choice involves the relinquishment of "many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits." 422 U.S. at 835, 95 S.Ct. 2525 (quoting Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).
No Florida court has addressed the issue of self-representation by an attorney-defendant. However, courts in other jurisdictions which have done so have held that the accused, even though an attorney, is entitled to counsel and must knowingly and intelligently forgo the right to counsel. See United States v. Maldonado-Rivera, 922 F.2d 934, 977 (2d Cir.1990); United States v. Campbell, 874 F.2d 838 (1st Cir. 1989); Neal v. State, 689 S.W.2d 420, 426 (Tex.Crim.App.1984); Neal v. State, 870 F.2d 312 (5th Cir.1989).
We agree with those cases and hold that Faretta does apply to an attorney-defendant who represents himself and that it must be established that the attorney-defendant knowingly and intelligently waived the right to counsel. However, the defendant's status as an attorney may be considered by the court in determining whether a valid waiver was made in the absence of a complete Faretta inquiry by the court. Cf. United States v. Friedman, 854 F.2d 535 (2d Cir.1988) (defendant's experience as an attorney was found to be relevant in determining whether he knowingly and intelligently waived a conflict of interest with his attorney).
In Campbell, the defendant, a criminal defense attorney, represented himself at trial and was convicted. On appeal, he contended that the court erred in failing to conduct a Faretta inquiry and by failing to make findings on the record of his knowing and intelligent waiver of counsel. In affirming, the First Circuit held that the trial court's failure to make specific findings of fact prior to allowing the defendant to represent himself was not error:

[w]hile we believe such on the record findings are almost always wise, they are not mandated. ...
... [T]o assess the validity of a waiver of right to counsel, we look to "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." If there is some "`affirmative acquiescence' in the arrangements at trial, the burden falls on [the defendant] to show that his `acquiescence was not sufficiently understanding and intelligent to amount to an effective waiver.'"
We believe the totality of the evidence shows that Campbell knowingly and intelligently waived his right to counsel. Campbell was a member of the Maine Bar and had tried numerous criminal *538 cases in both state and federal court. We think it highly improbable that one with such experience in the criminal justice system and knowledge of the law could be ignorant of the effect of a waiver of legal representation.
Campbell, 874 F.2d at 845-46 (emphasis added) (citations omitted)(quotations omitted).
In Maldonado-Rivera, the attorney-defendant similarly complained that the failure to conduct a formal Faretta hearing should result in a new trial. In affirming, the Second Circuit stated, "Maldonado's statements and conduct throughout the proceedings reflected his familiarity with the workings of the legal system and with the options legally available to him." Maldonado-Rivera, 922 F.2d at 977. The court found he had experience in criminal cases, had previously represented a codefendant, had filed a waiver of appearance, successfully moved to dismiss certain counts of the indictment, presented defense witnesses, and gave a summation that resulted in his acquittal on another count. The court thus determined that, "[i]n all the circumstances, we cannot say that the court erred in failing to perform an explicit on-the-record inquiry into this defendant's waiver of the right to be represented by counsel." Id. at 978.
In Neal, the defendant was charged with official misconduct during his service as the District Attorney for the Eighth Judicial District. In anticipation of representing himself, the defendant filed a written pleading acknowledging that he was a licensed attorney who was experienced in criminal trials, was knowledgeable of the law, and that he desired to represent himself. The trial court granted his request and entered an order allowing him to appear pro se. On appeal from his conviction, the defendant claimed that Faretta bars courts from taking into consideration the defendant's professional status as an attorney, and, therefore, the trial court was not allowed to infer that he knew the dangers of self-representation. The Court of Criminal Appeals of Texas disagreed and held that, "competence in the law evidenced by licensure as an attorney and years of experience in criminal litigation, obviously carries with it an awareness of the dangers of self-representation.... The record supports the conclusion that appellant made a knowing and intelligent waiver of his right to counsel. Moreover, appellant, as an attorney experienced in the trial of criminal cases, obviously was aware of the dangers of self-representation." Neal, 689 S.W.2d at 426-27. Neal later filed a writ of habeas corpus in federal court alleging the same error. The Fifth Circuit Court of Appeals affirmed the denial of the writ and stated:
we are persuaded that Neal's waiver of his constitutional right to the assistance of counsel, and assertion of his desire to represent himself, passes constitutional muster. The waiver was affirmative, clear, and unequivocal, as evidenced by Neal's written motion seeking permission to proceed pro se. Moreover, the waiver was knowingly and intelligently made by an experienced criminal lawyer, who for four years had been a district attorney.
Neal v. State of Texas, 870 F.2d 312, 314-15 (5th Cir.1989).
A defendant in a criminal case is indeed entitled to an attorney and to receive the independent advice and counsel that an attorney provides. A defendant who represents himself or herself, even one who is an attorney, gives up that substantial and valuable right. As the old adage accurately states, "a lawyer who represents himself has a fool for a client." For this reason, and based upon the above-cited line of cases, we hold that an attorney-defendant is entitled to representation by independent counsel. Thus, when an attorney-defendant wishes to represent himself or herself, the court must establish, preferably through a formal Faretta inquiry, that the defendant made a knowing and intelligent waiver of his or her right to independent counsel. In so *539 doing, however, the court may take into consideration the defendant's status and experience as an attorney.

III.
We must next consider whether the failure to conduct a Faretta inquiry in this case was error.
Rule 3.111(d) of the Florida Rules of Criminal Procedure, which regulates waiver of counsel, provides in pertinent part as follows:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver.
In State v. Bowen, 698 So.2d 248, 251 (Fla.1997), cert. denied, 522 U.S. 1081, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998), the Florida Supreme Court established that the focus in conducting a waiver-of-counsel hearing under Rule 3.111 should be on the defendant's competence to waive counsel, not on his competence to represent himself. See also Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).
In Rogers v. Singletary, 698 So.2d 1178 (Fla.1996), the Florida Supreme Court held that "`while a waiver hearing expressly addressing the disadvantages of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice, but rather the defendant's understanding.'" 698 So.2d at 1181 (quoting Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (11th Cir.1986)). Thus, a formal Faretta hearing is not necessary to determine the defendant's understanding of his or her waiver of counsel. In Rogers, the supreme court found that the defendant, a non-lawyer, had unequivocally waived his right to counsel, was told of the advantages of representation by an attorney, was aware of the severity of the charge, and had represented himself on at least four other occasions. Under those circumstances the record established "that Rogers knew what he was doing and his choice was made with eyes wide open." Id.
In Waterhouse v. State, 596 So.2d 1008 (Fla.1992), the pro se defendant's conviction was upheld despite the lack of a complete Faretta inquiry where the defendant was warned he would be held to the rules of procedure and evidence, he was knowledgeable about the proceedings, he filed motions with supporting case law citations, he manipulated the proceedings, he had knowledge of the possible defenses, he had contact with numerous attorneys before the trial, and he understood the charges against him.
In Baggett v. State, 687 So.2d 934 (Fla. 4th DCA 1997), the trial court failed to advise the defendant about the disadvantages of self-representation. However, the court questioned the defendant about his age, education, mental health, and previous experiences with self-representation as well as told him of the nature of the charges and the possible penalties. The defendant also filed numerous pro se motions and waivers of representation by counsel. Under these circumstances this court held that:
[a]lthough it would have been preferable for the trial court to have expressly addressed the disadvantages of a pro se defense during the violation of probation hearing, it was not necessary due to Baggett's demonstrated understanding of the court system. Accordingly, we hold that the Faretta standards were met here because the record establishes that Baggett knew what he was doing and chose to represent himself with his eyes open.
Id. at 935-36. See also Morris v. State, 667 So.2d 982 (Fla. 4th DCA 1996)(no error in failing to conduct complete Faretta inquiry where court, during four separate discussions with defendant explained each right at least one time). In United States *540 v. Hafen, 726 F.2d 21, 25 (1st Cir.1984) the defendant, a college graduate with two years of law school, was allowed to represent himself even though the court did not conduct a full Faretta inquiry. It was held that the court could findwithout a full inquirythat based upon the defendant's education and prior criminal record, he had sufficient knowledge of the dangers of self-representation. "Although the practice of issuing specific warnings to defendants who wish to proceed pro se is a good wayperhaps the best wayto insure that the requirements of Faretta are met, it is not the only way." Id. at 26 (emphasis original); see also United States v. Bailey, 675 F.2d 1292 (D.C.Cir.1982)(defendant who studied law for three years while imprisoned and who had a previous felony conviction had sufficient knowledge and understanding of law to make valid waiver of counsel); State v. Crisafi, 128 N.J. 499, 608 A.2d 317, 322-25 (1992)(court's failure to advise defendant of dangers of self-representation was harmless where record established that defendant had bachelor's degree in business law, had previously represented himself successfully in a criminal trial, and had several felony convictions).
In this case, the evidence overwhelmingly established that Butler "chose to represent himself with his eyes open." Baggett, 687 So.2d at 936. He was a criminal defense attorney with twenty-five years of experience; he had handled hundreds of criminal appeals; he had successfully litigated a Faretta claim on appeal before this court; he sought the position as the chief prosecuting attorney for an entire judicial circuit; he affirmatively filed a written notice of appearance on his own behalf as well as numerous pre-trial motions raising evidentiary, discovery, procedural, and constitutional issues; he cited relevant case law in his pleadings; he competently and zealously represented himself at all stages of the proceedings; and, significantly, he raised the failure to conduct a Faretta inquiry five days after the adverse verdict, while he was still representing himself. Under all these circumstances, it is apparent that Butler made a knowing and intelligent decision to represent himself without the assistance of other counsel.
Butler's failure to raise a Faretta claim until after the jury reached its verdict raises other concerns. It is apparent from our review of the entire record that Butler was well aware that the court had failed to conduct a Faretta inquiry but made an intentional, tactical decision not to bring it to the court's attention. Butler's action in affirmatively filing a notice of appearance to represent himself and his intentional inaction in not bringing this matter to the attention of the court in a timely fashion are evidence of his manipulation of the system and demonstrate a greater understanding of the risks and complexities of a criminal trial and further support our conclusion that he made a knowing and intelligent choice to represent himself. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1067 (11th Cir.1986).
The fact that Butler waited until after the trial, and then, while he still represented himself, sprung the issue upon the court only after he had received an unfavorable result from the jury is disturbing on another level. A defendant must bring to the court's attentionin a timely fashionany issue that may entitle him to relief. He or she cannot wait to see the results of the proceedings, thinking he or she holds a proverbial "ace in the hole," and then ask for relief only when losing. Florida courts have consistently condemned this type of "gotcha" strategy. See, e.g., Jaszay v. H.B. Corp., 598 So.2d 112 (Fla. 4th DCA 1992); Glantzis v. State Auto. Mut. Ins. Co., 573 So.2d 1049 (Fla. 4th DCA 1991); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979); Chatmon v. Woodard, 492 So.2d 1115 (Fla. 3d DCA 1986); State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980). We *541 refuse to allow the defendant to successfully use such a strategy in this case.
Affirmed.
TAYLOR, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the result reached by the majority; however, I see no need for a Faretta hearing where the accused is a lawyer. Faretta is not about the right to represent oneself, but rather the right to not have the benefit of counsel.
Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), begins:
The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. This clear constitutional rule has emerged from a series of cases decided here over the last 50 years. The question before us now is whether a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Stated another way, the question is whether a State may constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense. It is not an easy question, but we have concluded that a State may not constitutionally do so. [footnote omitted.]
The Supreme Court recently characterized to its holding in Faretta as follows:
In Faretta we decided that the defendant also "has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." [citation omitted.]
Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000)(holding that there is no constitutional right to proceed without counsel on appeal).
I acknowledge that defendants in criminal cases who are lawyers have a constitutional right to be represented by counsel other than themselves. Where they wish to represent themselves, however, the reasoning given by the Faretta court for obtaining the waiver does not exist:
When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.' [citations omitted.]
Id. at 835, 95 S.Ct. 2525. There are two reasons why a Faretta hearing was unnecessary in this case, and in every case in which the defendant is a lawyer. First, appellant was not exercising his right to proceed "without counsel," because he was a lawyer. Second, where the defendant is a lawyer, obtaining the waiver, which the Faretta court required to educate people who are not aware of the benefit of counsel, is a useless act.
The majority opinion, and the cases from other jurisdictions it cites, all conclude (probably in an abundance of caution) that Faretta applies, then resolve the problem that there was no Faretta hearing by relying on the fact that the defendants were experienced in criminal law, and that there was the equivalent of a waiver. I see no need to go through that analysis. I would hold that Faretta does not require a waiver when the accused is a lawyer.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] The motions filed by Butler include, but are not limited to, the following: Motion for Exculpatory Evidence; Motion to Dismiss; Motion to Sever; Motion for Bill of Particulars; Motion for Rule to Show Cause; Motions to Suppress Evidence; Motion to Exclude Bank Records; Motion to Exclude Computer Records; Motion to Exclude Telephone Records; and a Defense Witness List.