865 So.2d 557 (2003)
Van Allen CASE, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-461.
District Court of Appeal of Florida, First District.
December 29, 2003.
Rehearing Denied February 19, 2004.
*558 David M. Robbins and Susan Z. Cohen, Jacksonville, for Petitioner.
Charles J. Crist, Jr., Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner was arrested and charged with driving while intoxicated, an offense punishable by up to six months' imprisonment. See § 316.193(2)(a) 2.a., Fla. Stat. (2001). At first appearance, the county court asked Petitioner if he wished to waive his right to counsel and enter a plea. When Petitioner answered in the affirmative, the court accepted his plea and sentenced him to probation. Petitioner subsequently sought leave to withdraw his plea, claiming that his plea was involuntary because he had not been informed that his license would be suspended and because the county court failed to determine whether his waiver of the right to counsel was made knowingly and intelligently as required under Florida Rule of Criminal Procedure 3.111. The county court denied Petitioner's motion to withdraw plea. On appeal, the circuit court affirmed the order of the county court, reasoning that license suspension is not a direct consequence of a plea and that Rule 3.111 did not vest Petitioner with a right to a hearing to determine if his waiver of counsel was knowing and intelligent because Petitioner, who was not imprisoned as a result of his plea, was not entitled to counsel. Petitioner now seeks certiorari review of the circuit court's order. We find no merit to Petitioner's assertion that his plea was rendered involuntary because he was never informed that his license would be suspended. See State v. Bolware, ___ So.2d ___, 2003 WL 22460271, 28 Fla. L. Weekly D2493 (Fla. 1st DCA October 31, 2003). However, we find that the circuit court departed from the essential requirements of the law when it held that Petitioner was neither entitled to counsel nor a hearing on the waiver thereof. Accordingly, we grant certiorari and quash the circuit court's order.
A defendant who is charged with a misdemeanor punishable by possible imprisonment is entitled to counsel unless the judge timely issues a written order guaranteeing that the defendant will never be incarcerated as a result of the conviction. See Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002); see also Fla. R.Crim. P. 3.111(a) & (b); 3.160(e). Prior to accepting Petitioner's plea, the county court judge generally instructed all of the defendants in the courtroom that those charged with misdemeanors might receive as little as time served or even probation. However, the judge did not issue a written order of no incarceration. Thus, Petitioner had a *559 right to counsel on his misdemeanor charge. See Fla. R.Crim. P. 3.111.
When a defendant who is entitled to counsel elects to waive that right and self-represent, the judge must inform the defendant of the risks inherent to self-representation and make an inquiry sufficient to determine whether the defendant's waiver of counsel is being made knowingly and intelligently. See Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Traylor v. State, 596 So.2d 957, 968 (Fla.1992); Wilson v. State, 724 So.2d 144, 145 (Fla. 1st DCA 1998); see also Fla. R.Crim. P. 3.111. When a defendant waives the right to counsel, the trial court's failure to perform an adequate Faretta inquiry is per se reversible error. See State v. Young, 626 So.2d 655, 657 (Fla.1993).
When Petitioner asserted his unequivocal desire to self-represent, the county court was obligated to conduct an inquiry into whether Petitioner understood the ramifications of his waiver of the right to counsel. Id. Because no Faretta inquiry was conducted, the county court should have allowed Petitioner to withdraw his uncounseled plea. Because failure to conduct a Faretta inquiry is per se reversible error, the circuit court should have reversed the county court's order. Id.
Accordingly, we grant the petition for writ of certiorari and quash the circuit court's order and remand this case with instructions to allow Petitioner to withdraw his plea, and for further proceedings consistent with this opinion.
BARFIELD, ALLEN and DAVIS, JJ., concur.