956 So.2d 1288 (2007)
Terrell SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1136.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
*1289 Tara A. Finnigan of Tara A. Finnigan, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Terrell Smith was tried by jury and convicted of possession of cocaine with intent to sell. In this appeal, Smith raises a myriad of issues. We find merit in only one of Smith's claims, the inadequacy of the Faretta[1] hearing conducted by the trial court, and reverse on this ground.
Prior to trial, Smith made an unequivocal demand to represent himself, thus triggering an obligation on the part of the trial court to conduct a Faretta inquiry. See Wilson v. State, 724 So.2d 144, 145 (Fla. 1st DCA 1998). Before a defendant will be permitted to represent himself, "he must `knowingly and intelligently' forgo his constitutional right to counsel." Reddick v. State, 937 So.2d 1279, 1283 (Fla. 4th DCA 2006). Under Faretta, "[t]he test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself." Wilson, 724 So.2d at 145; see also Butler v. State, 767 So.2d 534, 539 (Fla. 4th DCA 2000). Ideally, a trial court should conduct a formal Faretta inquiry and, consistent with Florida Rule of Criminal Procedure 3.111(d)(2), make "a thorough inquiry . . . into both the accused's comprehension of th[e] offer [of assistance of counsel] and the accused's capacity to make a knowing and intelligent waiver" and "advise the defendant of the disadvantages and dangers of self-representation." See also Butler, 767 So.2d at 539. To that end, our supreme court has published a model colloquy wherein the judge is to (1) inquire concerning the defendant's age, education, *1290 his ability to read and write, any mental or physical conditions, and whether anyone has threatened him concerning the decision to proceed without counsel; (2) advise the defendant that a lawyer can assist him in calling witnesses and presenting evidence, advise him regarding whether he should testify, is familiar with the rules of evidence, can ensure accurate jury instructions are given, and preserve errors for appeal; and (3) warn the defendant he will not receive special treatment and will be limited by the resources available to him while in custody. See In re Amendment to Fla. R.Crim. P. 3.111(d)(2)-(3), 719 So.2d 873, 876-77 (Fla.1998).
We recognize that a trial judge is not required to follow the letter of the model colloquy; rather, "`[t]he ultimate test is not the trial court's express advice, but . . . the defendant's understanding'" of his rights and the consequences of his choice. Butler, 767 So.2d at 539 (quoting Rogers v. Singletary, 698 So.2d 1178, 1181 (Fla.1996)); see also Wheeler v. State, 839 So.2d 770, 772 (Fla. 4th DCA 2003). The limited inquiry engaged in by the trial judge in this case is insufficient to demonstrate that Smith understood his rights and the consequences of his decision to proceed pro se. All in all, the judge's inquiry was limited to asking Smith about his experience with the criminal justice system, whether Smith believed he was capable of representing himself, whether he would be ready for trial on the scheduled date, and whether he would "behave like a gentleman." Smith's responses demonstrate that, while he has been involved with the criminal justice system since he was a juvenile, he had had only one jury trial, wherein he was represented by counsel and found not guilty. Nothing in the exchange between Smith and the court indicated Smith had any real understanding of what he was up against in making the decision to proceed pro se. This fact makes the instant case distinguishable from cases like Waterhouse v. State, 596 So.2d 1008 (Fla.1992), Baggett v. State, 687 So.2d 934 (Fla. 4th DCA 1997), and Turner v. State, 901 So.2d 233 (Fla. 5th DCA 2005). We therefore reverse Smith's conviction and remand for a new trial. See Wilson, 724 So.2d at 146 (holding harmless error analysis does not apply where Faretta inquiry fails to ensure waiver of counsel was knowing and intelligent).
Reversed and Remanded.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).