971 So.2d 270 (2008)
Abraham BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6319.
District Court of Appeal of Florida, First District.
January 7, 2008.
*271 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace and Giselle Lylen Rivera, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
The appellant in this direct criminal appeal argues that his convictions should be reversed because the trial court failed to conduct an adequate Faretta inquiry before accepting the appellant's waiver of his Sixth Amendment right to assistance of counsel. Because the inquiry was inadequate, we reverse the appellant's convictions.
Before a trial court may properly accept a defendant's waiver of his right to assistance of counsel, the court must first inform the defendant of the dangers and disadvantages of self-representation and must also make an inquiry sufficient to determine whether the waiver is being made knowingly and intelligently. Fla. R.Crim. P. 3.111(d); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself. See State v. Bowen, 698 So.2d 248 (Fla. 1997). Although the record in the present case demonstrates that the appellant was sufficiently apprised of the dangers and disadvantages of self-representation, it discloses no inquiry into the appellant's age, education, mental condition, physical condition, past experience with criminal proceedings, or other factors bearing upon his capacity to waive his constitutional right to counsel. See Wilson v. State, 724 So.2d 144 (Fla. 1st DCA 1998); Toussaint v. State, 677 So.2d 853 (Fla. 1st DCA 1995); Dowdell v. State, 665 So.2d 279 (Fla. 1st DCA 1995); Hadden v. State, 633 So.2d 486 (Fla. 1st DCA 1994). The appellant's convictions are accordingly reversed, and this case is remanded.
ALLEN, KAHN, and DAVIS, JJ., concur.