976 So.2d 665 (2008)
Timothy C. FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3852.
District Court of Appeal of Florida, First District.
March 13, 2008.
*666 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this criminal appeal, the defendant, Timothy Flowers, challenges his conviction and sentence for failing to properly register as a sex offender. He alleges that the trial court erred by failing to conduct an adequate Faretta inquiry prior to allowing him to represent himself at trial. We agree and reverse.
When a defendant indicates that he wishes to waive his right to counsel and represent himself, the trial court is obligated to conduct a Faretta inquiry to determine if he is knowingly and intelligently waiving his right to counsel and is "aware of the dangers and disadvantages of self-representation." Faretta v. Cal., 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Fla. R. Crim. P. 3.111(d). The failure to conduct an adequate Faretta inquiry is per se reversible error. See Case v. State, 865 So.2d 557, 559 (Fla. 1st DCA 2003).
In the instant case, the trial court clearly did not conduct an adequate Faretta inquiry after the defendant indicated that he wished to represent himself. Although the trial court did advise the defendant of the disadvantages and dangers of self-representation, the trial court did not advise the defendant of the advantages of representation by counsel nor did it inquire into the defendant's age, education, ability to read and write, or any mental or physical conditions.
The State argues that the trial court's inquiry was adequate because the defendant *667 was familiar with the criminal justice system, that the defendant's motion to dismiss showed he could read and write, and that the trial court had the opportunity to observe the defendant's demeanor and ability to express himself. The trial court, however, did not expressly rely on any of those reasons in finding that the defendant's waiver of counsel was freely and voluntarily given. See Beaton v. State, 709 So.2d 172, 173-74 (Fla. 4th DCA 1998) (holding that, notwithstanding its familiarity with a particular defendant, Faretta requires that a trial court make a sufficient record that indicates how the defendant's background, including his age, mental status, and education, affects his competency to waive his right to counsel).
Accordingly, we reverse the defendant's conviction and sentence and remand for a new trial. At that time, the defendant may waive his right to counsel if the trial court conducts an adequate Faretta hearing and determines that the waiver is made knowingly and intelligently.
REVERSED and REMANDED for a new trial with either appointed counsel or a valid waiver of the right to counsel.
BROWNING, C.J., VAN NORTWICK and ROBERTS, JJ., concur.