982 So.2d 1272 (2008)
Arturo RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1693.
District Court of Appeal of Florida, Third District.
June 4, 2008.
*1273 Bennett H. Brummer, Public Defender, and Leslie Anne Scalley, Special Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and SHEPHERD and LAGOA, JJ.
LAGOA, Judge.
Defendant, Arturo Rodriguez ("Rodriguez"), appeals his convictions for second degree murder and aggravated assault with a deadly weapon. Because we find that the trial court committed reversible error in failing to conduct a Faretta[1] inquiry after Rodriguez made an unequivocal demand to represent himself, we reverse his conviction on this ground and remand for a new trial.
On the morning of trial, and prior to the start of jury selection, Rodriguez made an unequivocal demand to represent himself. The following discussion transpired between the trial court and Rodriguez:
COURT: So I need to ask you whether or not you're going to conduct yourself like a person and sit here quietly. Yes or no?
DEFENDANT: Well 
COURT: No, no, we're not going to talk about that.
DEFENDANT: Well, I prefer to represent myself.
COURT: You're not going to represent yourself. That's already been decided. This lawyer is representing you.[2]
DEFENDANT: Well 
COURT: The only question is whether or not you're going to sit here quietly or be removed from the courtroom.
Without conducting any Faretta inquiry, the trial court denied the Defendant's request to represent himself. A jury found Defendant guilty of second degree murder and aggravated assault with a deadly weapon.
*1274 On appeal, Rodriguez argues that the trial court committed reversible error in failing to conduct a Faretta inquiry after he made an unequivocal demand to represent himself. We agree. Under Faretta, a criminal defendant has the constitutional right to self-representation and may abandon the right of assistance of counsel. Faretta, 422 U.S. at 836, 95 S.Ct. 2525. If a defendant prior to trial makes an unequivocal demand to represent himself, the trial court must conduct a Faretta inquiry. See Wilson v. State, 724 So.2d 144, 145 (Fla. 1st DCA 1998). "Under Faretta, `[t]he test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself.'" Smith v. State, 956 So.2d 1288, 1289 (Fla. 4th DCA 2007) (citing to Wilson, 724 So.2d at 145); see Faretta, 422 U.S. at 835, 95 S.Ct. 2525. As such, when a defendant unequivocally demands to represent himself, an inquiry must be made to determine whether the defendant knowingly and intelligently waives his constitutional right. See Kimble v. State, 429 So.2d 1369, 1371 (Fla. 3d DCA 1983).
When conducting a Faretta inquiry, the "trial court should inquire into, among other things: defendant's age, mental status, and lack of knowledge and experience in criminal proceedings." Johnston v. State, 497 So.2d 863, 868 (Fla.1986) (holding that the trial court made a proper inquiry and correctly concluded that waiver of counsel was neither knowing nor intelligent as a result of defendant's mental condition). To that end, guidance may be found in the Florida Supreme Court's model colloquy published in In re Amendment to Fla. R. Crim. P. 3.111(d)(2)-(3), 719 So.2d 873, 876-77 (Fla.1998). While a trial court is not required to follow the model colloquy to the letter, the defendant must be made aware of the dangers and disadvantages of self-representation and the trial court must determine that the defendant knowingly and intelligently waived his or her constitutional right. Faretta, 422 U.S. at 835, 95 S.Ct. 2525; Johnston, 497 So.2d at 868.
Where a defendant makes an unequivocal request to represent himself prior to the commencement of trial, a trial court is required to conduct a Faretta inquiry. The failure of the trial court to conduct such an inquiry constitutes reversible error. Hardwick v. State, 521 So.2d 1071, 1074 (Fla.1988); State v. Young, 626 So.2d 655 (Fla.1993) (holding that harmless error analysis does not apply and reversal is required when a proper Faretta inquiry is not conducted). Accordingly, we are compelled to reverse the Defendant's conviction and remand the case for a new trial as the trial court's failure to conduct a Faretta inquiry constitutes reversible error. We decline to address the merits of the remaining issues raised on appeal.
Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] Notwithstanding the trial court's comment that the issue of self-representation had "already been decided," a review of the record shows that at no time prior to the commencement of trial did the trial court conduct any Faretta inquiry to determine whether Defendant was competent to make the decision to represent himself.