PER CURIAM.
 

 The appellant challenges his convictions and sentences for lewd and lascivious battery and unlawful sexual activity. He alleges that the trial court erred by failing to conduct an adequate
 
 Faretta
 

 [1]
 

 inquiry prior to allowing him to represent himself at trial. We agree and reverse.
 

 Here, although the record indicates that the trial court adequately expressed to appellant the dangers of self-representation, the
 
 Faretta
 
 inquiry was inadequate because the trial court failed to inquire as to the extent of appellant’s education, his ability to read or write, his past experience with criminal proceedings, or his mental and physical condition.
 
 Brown v. State,
 
 971 So.2d 270, 271 (Fla. 1st DCA 2008) (“Mthough the record in the present case demonstrates that the appellant was sufficiently apprised of the dangers and disadvantages of self-representation, it discloses no inquiry into the appellant’s age, education, mental condition, physical condition, past experience with criminal proceedings, or other factors bearing upon his capacity to waive his constitutional right to counsel”);
 
 Flowers v. State,
 
 976 So.2d 665 (Fla. 1st DCA 2008)
 
 (Faretta
 
 inquiry inadequate where trial court “did not advise the defendant of the advantages of representation by counsel nor ... inquire into the defendant’s age, education, ability to read and write, or any mental or physical conditions”). As such, the trial court committed per se reversible error.
 
 See Wilson v. State,
 
 947 So.2d 1225 (Fla. 1st DCA 2007). Thus, the appellant’s convictions are REVERSED and the cause is REMANDED for a new trial.
 

 LEWIS and THOMAS, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).