COHEN, J.
 

 Alan W. Davis challenges the revocation of his community control and five-year prison sentence for his 2003 convictions related to illegally dumping litter and maintaining a public nuisance. We agree that the trial court’s truncated
 
 Faretta
 

 [1]
 

 inquiry did not conform to the standards enunciated in Florida Rule of Criminal Procedure 3.111(d), and therefore reverse.
 

 All of Davis’ legal troubles stem from charges filed in February 2001 for illegally dumping litter, a third-degree felony, and related misdemeanor offenses. A jury found him guilty, and the trial court originally sentenced him to a year and a day in prison, followed by one year of community control and three years of probation. Six weeks after Davis’ release, the State filed its first affidavit of violation of community control. As a result, the trial court revoked his community control and sentenced him to three years in prison, followed by one year of community control. Ten days after Davis’ next release, the State again filed an affidavit of violation. Davis advised the trial court he would be representing himself at the revocation hearing, triggering a
 
 Faretta
 
 inquiry
 
 [2]
 
 by Judge Simmons, the same circuit judge who conducted the revocation proceeding at bar. After the trial court revoked Davis’ probation, it reinstated his community control, but modified the conditions: placing him on GPS monitoring, requiring that he prepare a weekly schedule for his community control officer, and directing that he comply with his officer’s instructions. At the first appearance for a third violation, Davis advised the trial court of his intent to represent himself, and the trial court conducted the following
 
 Faretta
 
 inquiry:
 

 COURT: Do you have an attorney?
 

 DAVIS: No, sir.
 

 
 *178
 
 COURT: Do you intend to hire an attorney to represent you in this proceeding, sir?
 

 DAVIS: No.
 

 COURT: You understand that you have a right to an’ attorney. If you can’t afford one, one will be appointed for you.
 

 DAVIS: Yes.
 

 COURT: You want to fill out a financial affidavit and see if you qualify?
 

 DAVIS: No.
 

 When a defendant indicates that he wishes to waive his right to counsel and represent himself, the trial court is obligated to conduct a
 
 Faretta
 
 inquiry to determine if he is knowingly and intelligently waiving his right to counsel and is “aware of the dangers and disadvantages of self-representation.”
 
 Id.
 
 at 835, 95 S.Ct. 2525. The failure to conduct an adequate
 
 Faretta
 
 inquiry is per se reversible error.
 
 Flowers v. State,
 
 976 So.2d 665, 666 (Fla. 1st DCA 2008). A
 
 Faretta
 
 inquiry is inadequate when the trial court does not advise the defendant of the dangers and disadvantages of self-representation, the advantages of representation by counsel, or inquire into the defendant’s age, education, ability to read and write, or any mental or physical conditions.
 
 Id.
 
 Rule 3.111(d)(2) provides that a defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel and conducting a thorough
 
 Faretta
 
 inquiry is completed. In this case, the trial court limited its inquiry to an offer of assistance of counsel, required by rule 3.111(d)(5) at each subsequent stage of the proceedings
 
 after
 
 a trial court accepts a waiver of counsel.
 

 The State contends that the trial court’s colloquy was adequate in light of Davis’ adamant desire to represent himself and his prior self-representation in state appellate courts. Taking judicial notice of the earlier proceedings, we acknowledge that Davis represented himself in an earlier violation proceeding, filed several motions to disqualify the trial court judge, a motion to dismiss the community control case, and a response to a motion to quash. He has represented himself in at least seven proceedings since 2002 in this court
 
 [3]
 
 and also represented himself on at least eight different occasions before the Florida Supreme Court.
 
 [4]
 
 He has filed pro se post-conviction motions pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850, as well as petitions for writs of habeas corpus, prohibition, and mandamus. All of these proceedings relate in some manner to the original 2001 charges.
 

 There is authority for excusing noncompliance with
 
 Faretta
 
 where a defendant has proven himself sufficiently sophisticated in his knowledge of the courts and the law that a formal
 
 Faretta
 
 inquiry was not required.
 
 See Morgan v. State,
 
 991 So.2d 984, 988 (Fla. 4th DCA 2008). This is clearly the exception and not the rule. In
 
 Waterhouse v. State,
 
 596 So.2d 1008, 1014 (Fla.1992), the court excused the lack of a formal
 
 Faretta
 
 hearing when the trial judge warned defendant on numerous occasions of the dangers in representing himself and notified him that he would be held to the rules of procedure and evidence. Waterhouse was knowledgeable about the proceedings; he had filed motions with supporting case law citations, manipulated the proceedings, contacted numerous attorneys before the trial, and understood the charges against
 
 *179
 
 him. In
 
 Baggett v. State,
 
 687 So.2d 934 (Fla. 4th DCA 1997), the defendant’s demonstrated understanding of the court system rendered it unnecessary for the trial court to specifically advise him of the dangers of self-representation. The trial court questioned him about his age, educational background, mental health history, previous experiences with self-representation, understanding of the nature of the charges against him, and the permissible minimum and maximum sentences. Furthermore, the defendant filed numerous pro se motions and waivers of representation by counsel, three of which contained admissions that the trial court had advised him of the dangers and disadvantages of self-representation.
 

 The courts have also excused a full inquiry for defendants with some legal education.
 
 See United States v. Bailey,
 
 675 F.2d 1292 (D.C.Cir.1982) (holding defendant who studied law for three years while imprisoned and who had a previous felony' conviction had sufficient knowledge and understanding of law to make valid waiver of counsel);
 
 State v. Crisafi,
 
 128 N.J. 499, 608 A.2d 317, 322-25 (1992) (excusing court’s failure to advise defendant of dangers of self-representation where record established that defendant had bachelor’s degree in business law, had previously represented himself successfully in a criminal trial, and had several felony convictions). The lack of a
 
 Faretta
 
 inquiry was also excused in
 
 Butler v. State,
 
 767 So.2d 534, 539 (Fla. 4th DCA 2000), for a defendant who was a criminal defense attorney with 25 years’ experience. Butler had handled hundreds of criminal appeals, including the successful litigation of a
 
 Faretta
 
 claim on appeal. He sought the position as the chief prosecuting attorney for an entire judicial circuit, and zealously represented himself in filing numerous pre-trial motions raising evidentiary, discovery, procedural, and constitutional issues.
 

 These cases focus on the defendants’ legal knowledge, familiarity with the court system, or presentation of cases before the court. A trial court’s reliance on such factors to support a knowing and voluntary waiver of counsel must be express.
 
 Flowers,
 
 976 So.2d at 667. The record in this case is silent. If the trial court was relying upon factors justifying the failure to conduct a
 
 Faretta
 
 inquiry, specific findings had to be made. For the most part, Davis’ legal filings tend to demonstrate a lack of familiarity with the rules and procedures of court, resulting in summary denial or dismissal of his claims. His filings also demonstrate a litigant who is under the mistaken impression that insulting, threatening, harassing, and blaming judges for his self-inflicted legal woes will in some way benefit his cause. To this point, Davis’ pro se status has allowed him far greater latitude to rail against his perceived injustices. The tidal judge, no doubt weary from the tirade, sought finality to the proceedings.
 

 However, we conclude that the trial court lacked a proper basis for failing to conduct a
 
 Faretta
 
 inquiry and an inquiry was mandated after Davis’ unequivocal request for self-representation.
 
 See Tennis v. State,
 
 997 So.2d 375, 378 (Fla.2008). Those occasions where no reversible error results from failure to conduct a
 
 Faretta
 
 inquiry, following an unequivocal request for self-representation, are few and far between and must be supported with findings of fact.
 

 REVERSED and REMANDED.
 

 GRIFFIN and LAWSON, JJ., concur.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 . Because the record on appeal contains no transcript of the
 
 Faretta
 
 inquiry in the earlier revocation proceedings, we are unable to determine whether the inquiry satisfied the requirements of Florida Rule of Criminal Procedure 3.111(d). However, in
 
 Segal v. State,
 
 920 So.2d 1279, 1280-81 (Fla. 4th DCA 2006), a full
 
 Faretta
 
 inquiry as to new law violations did not suffice to excuse the trial court’s failure to conduct a
 
 Faretta
 
 inquiry or renew the offer of counsel at the beginning of the revocation proceeding based on the new charges.
 

 [3]
 

 . Davis represented himself in case nos. 5D02-3565, 5D03-1957, 5D05-4322, 5D06-3346, 5D07-3244, 5D07-4153, and 5D08-08.
 

 [4]
 

 . Case nos. SC04-437, SC04-660, SC06-1452, SC07-2018, SC07-2287, SC08-538, SC08-702, and SC08-1137.