PER CURIAM.
 

 In this criminal case, appellant argues he did not validly waive appointed counsel in favor of self-representation pursuant to
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d)(2)-(3). “Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.” Fla. R. Crim. P. 3.111(d)(2). The “knowing and intelligent” waiver required by
 
 Faretta
 
 also requires inquiry into such matters as the defendant’s age, education, mental condition, physical condition, and past experience with criminal proceedings.
 
 See Brown v. State,
 
 971 So.2d 270 (Fla. 1st DCA 2008). Here, the trial court determined that appellant, while incarcerated in another state, had taken a legal correspondence course. Unfortunately, the trial judge made no real inquiry further into appellant’s background and ability to represent himself. Moreover, the limited colloquy present in this record is insufficient to support any finding that the trial court, in any meaningful way, informed appellant of the dangers and disadvantages of self-representation. The conviction in this case must be REVERSED and the case REMANDED for further proceedings.
 

 KAHN, THOMAS, and ROBERTS, JJ., concur.