PER CURIAM.
Appellant challenges his convictions and sentences for felony battery and giving a false name or identification to a law enforcement officer, arguing, among other things, that the trial court denied his motion to represent himself without conducting an adequate Faretta inquiry. The State properly concedes error on this point. For this reason, we reverse. We decline to address the remaining issues, two of which are moot and two of which do not establish reversible error.
When a criminal defendant moves to discharge court-appointed counsel and represent himself, the court must inform the defendant of “the dangers and disadvantages of self-representation” and must also make an inquiry sufficient to determine whether the waiver of counsel is being made knowingly and intelligently. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Brown v. State, 971 So.2d 270, 271 (Fla. 1st DCA 2008). The test governing a defendant’s *815 motion for self-representation “is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself.” Brown, 971 So.2d at 271 (emphasis added). Although there is no exact formula required for a Faretta inquiry, the inquiry must be sufficient to determine whether the defendant is competent, able to understand the rights he is relinquishing, and making a free and informed decision. Neal v. State, 60 So.3d 1132, 1135 (Fla. 4th DCA 2011); see Fla. R.Crim. P. 3.111(d)(3). The failure to conduct an adequate Faretta inquiry is per se reversible error. Flowers v. State, 976 So.2d 665, 666 (Fla. 1st DCA 2008). Here, the trial court cursorily questioned Appellant’s competence to represent himself, and neglected to inquire into his competence to make the decision to do so. Consequently, we must reverse and remand for a new trial.
DAVIS, THOMAS, and RAY, JJ., concur.