IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTT A. STANLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1785

_____/

Opinion filed June 30, 2016.

An appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant; Scott A. Stanley, pro se.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Scott Stanley appeals his judgment and sentence upon violation of probation, raising two issues: whether the trial court erred by failing to conduct an adequate Faretta[*] inquiry, and whether the trial court erred by failing to renew its

_____
[*] Faretta v. California, 422 U.S. 806 (1975).

offer of counsel before imposing sentence. Because we agree that the trial court's Faretta inquiry was insufficient to demonstrate that Stanley knowingly and intelligently waived the right to counsel, we do not reach the second issue.

A defendant "shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver." Fla. R. Crim. P. 3.111(d)(2). In determining whether the waiver is knowing and intelligent, the trial court must consider "the defendant's mental condition, age, education, and any other factor bearing on his capacity to choose self-representation." White v. State, 21 So. 3d 77, 79 (Fla. 1st DCA 2009).

Failure by the trial court to ask questions pertaining to the defendant's competency to waive counsel requires reversal, even where the trial court has complied with the requirement to advise the defendant about the advantages and disadvantages of self-representation. See Cleveland v. State, 87 So. 3d 813, 815 (Fla. 1st DCA 2012) (finding inquiry insufficient where the court "neglected to inquire into [the defendant's] competence to make the decision"); Flowers v. State, 976 So. 2d 665, 666 (Fla. 1st DCA 2008) (finding inquiry inadequate where the court "did advise the defendant of the disadvantages and dangers of self-representation," but did not "inquire into the defendant's age, education, ability to read and write, or

2

any mental or physical conditions."); <u>Wilson v. State</u>, 724 So. 2d 144, 146 (Fla. 1st DCA 1998) (finding inquiry insufficient where trial court "advised [the defendant] against proceeding on his own, and told him that he would have to follow the rules of evidence and procedure," but failed to ask questions regarding "Wilson's age, ability to write, education, whether he was currently under the influence of drugs or alcohol, or had ever been diagnosed or treated for any mental illness, whether he had any physical problems which would hinder self-representation, or whether he had ever represented himself in a trial before.").

Here, the trial court "failed to make any inquiry into the factors which have come to be recognized as relevant to the determination 'that the defendant is literate, competent and understanding, and that he is voluntarily exercising his informed free will.'" <u>Wilson</u>, 724 So. 2d at 146. For this reason, we REVERSE and REMAND for further proceedings consistent with this opinion.

ROWE, MAKAR, and BILBREY, JJ., CONCUR.